IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN SECTION

---

**LaDonna Young,**

    **Plaintiff,**

**vs.**

**Southwest Tennessee Community College**

    **Defendant.**

Civil Action No.: 21-2226
JURY DEMANDED

---

### FIRST AMENDED COMPLAINT
---

**COMES NOW** Plaintiff, LaDonna Young, by and through undersigned counsel of record, and brings this action for damages against Defendant Southwest Tennessee Community College ("Defendant" or "Southwest") and shows the Court as follows:

### I.     INTRODUCTORY STATEMENT

Plaintiff brings this action against her employer, Southwest, for gender discrimination and equal pay violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000E ("Title VII") and the Equal Pay Act of 1963 codified at 29 U.S.C. § 206 (d) ("EPA").

### II.     JURIDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to, 28 U.S.C. § 451, 28 U.S.C. §§ 1331, and 1343, 29 U.S.C. § 216(b), 29 U.S.C. § 626(c)(1) and 42 U.S.C. § 2000E-5(f)(3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

3. The wrongful acts, omissions and injuries described in the body of this Complaint all occurred in Memphis, Shelby County, Tennessee and venue is appropriate in this judicial district pursuant to 28 U.S.C § 1391.

### III.   PARTIES

4. Plaintiff, is an adult female resident of Shelby County, Tennessee and is subject to the jurisdiction of this Court.

5. Defendant is Southwest Tennessee Community College, which is a public community college located in Memphis, Tennessee and is operated by the Tennessee Board of Regents.

6. Defendant may be served with process via its registered agent Dr. Tracy D. Hall, located at 5983 Macon Cove, Memphis, Tennessee 38134-7693.

7. At all relevant times, Defendant was the employer of the Plaintiff.

8. At all relevant times, Defendant employed in excess of fifteen (15) or more employees for the requisite duration under Title VII.  Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9. Defendant is governed by and subject to the EPA, 29 U.S.C. § 206(d).

### IV.   ADMINISTRATIVE PROCEDURES

10. Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 490-2020-02373.

11. A true and accurate copy of Charge No. 490-2020-02373, is attached hereto as "**Exhibit A**."

12. On January 15, 2021, with respect to Charge No. 490-2020-02373, the EEOC mailed to Plaintiff a Notice of Suit Rights letter.

13. A true accurate copy of the Notice of Suit Rights letter from the EEOC is attached hereto as collective "**Exhibit B**."

14. Plaintiff instituted this lawsuit within ninety (90) days of receiving the Notice of Suit Rights letter from the EEOC.

15. Plaintiff has fulfilled all conditions precedent to the institution of this Title VII lawsuit against the Defendant.

16. Plaintiff has timely instituted this lawsuit within two years of becoming aware of the pay disparity between her and male employees.

17. Plaintiff has fulfilled all conditions precedent to the institution of this Equal Pay Act lawsuit against the Defendant

## IV.   FACTUAL ALLEGATIONS

a. *Southwest Tennessee Community College's Involvement in the Unlawful Conduct*

18. Plaintiff's employment with Defendant began in or about January 2000.

19. During Plaintiff's employment she received several promotions, including being promoted to Interim Department Chair for the Department of Education in 2006.

20. In 2009, Plaintiff was promoted to Assistant Professor.

21. In 2012, Plaintiff was promoted to Associate Professor.

22. In 2017, Plaintiff was promoted to full Professor with tenure.

23. In June 2017, Plaintiff was promoted to Dean of Humanities, Social Studies and Mathematics (hereinafter "Dean").

24. Plaintiff's salary as Dean in June 2017 was $95,004.00

25. After her promotion to Dean, unbeknownst to Plaintiff, the Defendant paid newly hired comparable male Deans more than her, for similar or equal work, requiring equal skill and effort under similar working conditions.

26. Plaintiff had more experience than the male Deans.

27. Plaintiff's educational credentials are superior to the male Deans.

28. In performing her job as Dean, Plaintiff had greater supervisory responsibilities than the male Deans.

29. Evan McHugh, Dean of Natural Sciences, Allied Health, and Nursing (hereinafter referred to as "Male Dean No. 1") was hired on July 1, 2017 as Dean and was paid $105,000.00 annually which was $9,996.00 per year greater than Plaintiff.

30. Male Dean No. 1 supervises fewer employees than Plaintiff.

31. Male Dean No. 1 has fewer areas of responsibilities than Plaintiff.

32. Robin Cole, Dean of Business and Technologies (hereinafter referred to as "Male Dean No. 2") was hired on July 1, 2017 as Dean and was paid $105,000.00 annually which was $9,996.00 per year greater than Plaintiff.

33. Male Dean No. 2 supervises fewer employees than Plaintiff.

34. Male Dean No. 2 has fewer areas of responsibilities than Plaintiff.

35. Plaintiff, Male Dean No. 1 and Male Dean No. 2 all possess doctorate degrees.

36. Plaintiff did not learn of the pay disparities between her and the male Deans until June 2019.

37. Plaintiff subsequently learned of other sex/gender discrimination that she sustained during her employment with Defendant.

38. Upon learning of the pay disparities, Plaintiff engaged Defendant's Human Resources department and engaged in an on-going interactive process in a good faith attempt to resolve the gender pay inequity issues and the gender discrimination.

39. In June 2019, Plaintiff made a request that her salary be adjusted and discussed the pay disparity with the Associate Director of Human Resources.

40. Plaintiff met with the President of Southwest Tennessee Community College, Tracy D. Hall, and drafted and sent memoranda to Human Resources all in an attempt to rectify the pay disparity and gender discrimination issues.

41. On or about July 1, 2019, Defendant acknowledged the pay disparity issues and prospectively increased Plaintiff's salary by $9,768.00.

42. Defendant refused to compensate Plaintiff for the salary inequity she suffered for the two years in which her salary was less than the Male Deans for the performance of substantially similar equal work.

43. After Defendant failed and refused to redress the retroactive pay disparity issue, Plaintiff on July 19, 2020 filed her EEOC charge of discrimination/inquiry.

## V.   CLAIMS FOR RELIEF

**COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

44. Plaintiff incorporates all foregoing paragraphs, as if alleged herein in full.

45. Defendant's actions in subjecting Plaintiff to different terms and conditions of her employment – including paying her less than her male counterparts because of her gender – constitutes unlawful discrimination on the basis of her gender/sex in violation of Title VII.

46. Defendant has intentionally, willfully, and wantonly disregarded Plaintiff's rights and governing anti-discrimination laws, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

47. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise affected her status as an employee because of her gender/sex.

48. Accordingly, Defendant is liable for damages, including, but not limited to, equitable relief, compensatory damages, punitive damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II: VIOLATION OF THE EQUAL PAY ACT

49. Plaintiff incorporates all foregoing paragraphs, as if alleged herein in full.

50. Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing substantially similar work.

51. Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

52. Plaintiff is entitled to actual and liquidated damages, attorneys fees, costs of litigation, and any other damages appropriate under governing law as a result of the Defendant's violation.

## VI.    PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court:

A.  Order the Defendant to pay Plaintiff compensatory damages, and/or special damages for lost wages and benefits and prejudgment interest thereon;

B.  Order Defendant to compensate Plaintiff for her emotional/mental distress;

C.  Order Defendant to pay reasonable attorney fees pursuant to 42 U.S.C. §1988 and expenses of litigation;

D.  Order Defendant to pay liquidated damages in an amount appropriate under governing law;

E.  Trial by jury as to all issues;

F.  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and,

G.  All other relief to which Plaintiff may be entitled.

Respectfully submitted,

THE SPENCE LAW FIRM, PLLC

By:  /s/ Jarrett M.D. Spence
Robert L. J. Spence, Jr. (BPR #12256)
Jarrett M.D. Spence (BPR #034577)
80 Monroe Avenue
Garden Suite One
Memphis, Tennessee 38103
Office: (901) 312-9160
Facsimile: (901) 521-9550
rspence@spence-lawfirm.com
jspence@spence-lawfirm.com

*Attorneys for Plaintiff*